The first case on calendar for argument is Rocco Ramirez v. Holder. Counsel, please approach and proceed. Good morning. Good morning. May it please the court, my name is Grant Gelberg. With me at counsel table is Carol Igoe of the UCLA Ninth Circuit Appellate Clinic and together we're pro bono counsel for Ms. Ramirez. And on behalf of the Ninth Circuit, we would like to thank you for your efforts on behalf of the pro bono project with the Ninth Circuit. Thank you, Your Honor. With the court's permission, Ms. Igoe and I will split our argument today. I will be covering the exhaustion issue as well as the Navarro-Lopez issue, while Ms. Igoe will be addressing why remand is inappropriate because of the government's failure to meet its burden under the modified categorical approach and this court's decision in Fernandez-Ruiz. All right. And we'd like to reserve one minute for rebuttal. The government argues for the first time in its replacement brief that Ms. Ramirez failed to exhaust her removability claim. But this is incorrect for two reasons. First, she raised it in her notice of appeal to the BIA, and second, the BIA actually addressed the issue. The IJ's removal order was based solely on the finding that her conviction for California Penal Code Section 475C amounted to an offense related to forgery and thus an aggravated felony. And she challenged that in her notice of appeal by saying, I don't agree with the judge's decision on my removal proceedings. The immigration charged me with aggravated felony because of my three-year sentence. Now, that statement was sufficient to put the BIA on notice that she disagreed with that removal finding and to put the issue in front of the board. But wouldn't she have to specifically refer to the issue that's before us rather than just globally disagreeing with the removal decision? Well, Your Honor, where the only issue on removability was the conviction, I think the issue becomes purely removability. Do you have, what's your strongest case authority to support your argument that if there's only one issue before the IJ and that issue is contested, that that's sufficient to put any of the possible arguments before the BIA? Well, I think we have two cases that are equally strong. One is Kognanovich and the other is Vizcarra Ayala. In Kognanovich, that was a case where the petitioner, who was also proceeding pro se, like Ms. Ramirez before the BIA, merely said, the IJ erred in disregarding that I enter the United States as a refugee. And that was the issue, was the effect of his refugee status. Right, but that's pretty specific, though, not just saying I disagree with the removal decision. It is more specific than what Ms. Ramirez said, but when the removal decision is based only on that issue, it has the same effect. Do you have a case that has that specific language that you're saying here that if that's the only issue before the IJ, that's sufficient notice? Do you have a case that has that particular phrasing in it? Not that particular phrasing, Your Honor. I think Vizcarra Ayala is also similar in that there the petitioner generally attacked his removability, but even if the court finds that Ms. Ramirez didn't specifically enough raise the issue to the BIA, the BIA did decide the issue because in their order they wrote, we agree with the immigration judge that the respondent is removable as charged and ineligible for any relief. But they really didn't make a verbatim finding there. They made a kind of a specific finding, too. I mean, the honest truth is that when you look at what was in front of them, she didn't raise this issue or argue this issue at all. She made no arguments about whether it was an aggravated felony. She made no arguments about that. She was all talking about other things that were not necessarily appropriate for that particular argument they found and which one could look at and find. They didn't make any Bourbon decision in that finding that they made. They didn't say, on a matter of Bourbon, we're affirming everything the IJ did. I think that's right, Your Honor. I think actually they independently, based on the language, they independently reviewed the IJ's finding. Or did they just independently review what she raised, which she didn't talk about whether it was an aggravated felony or not at all. Similar to Biskara Ayala, the BIA didn't simply reject her request for relief from the removal order out of hand. What did she talk about in front of them? In front of them, the specific points that she made dealt with relief from removability. Right. And she dealt with something totally different than what we're really talking about now. She talked about, oh, I've been in the military. Oh, I've been here a long time. Oh, a citizen ought to have something. Oh, it's the first felony. I mean, all of those had nothing to do with this. That's right. But to preserve an issue for exhaustion issues, for exhaustion purposes, Biskara Ayala holds and other cases hold that you're not required, a pro se petitioner is not required to raise the precise legal arguments. The issue just has to be teed up or the BIA has to decide the issue. And what they said, and similar to Biskara Ayala, they didn't just say your arguments about military service, first-time offender treatment, those are off base and we are dismissing the appeal on that basis. They said we agree with the immigration judge that you are removable. And that is a specific finding. Well, based on everything that she tried to suggest that that was not true, that's exactly what they found. But I think what it also indicates, Your Honor, is that they were affirming the basis of her removability because they say you are removable as charged. And the charge was she was removable based on that 475C conviction. And then they go on separately to say, and you're ineligible for relief, and here's why. When nobody even challenges whether the removable is charged, then they don't have to make much of a finding about it. Well, our position is that what she said in the interview, are you saying that in every decision the BIA gets, they've got to go through everything that could possibly be there in the record, any place, anywhere, anytime, and go through it, whether alleged or not? No, Your Honor. Certainly not. They could have in this case simply addressed the petition, her arguments about why she was entitled to relief from the removal order. But they did more than that. They affirmed the IJ. And the IJ said you are removable based on that 475C conviction, and we agree with that. And then, moreover, in addition, you're not eligible for relief from that order. Counsel, did you intend to give your comment? I did. I will hand it over now. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. Carol Igo-Alton on behalf of Petitioner Ramirez. Your Honors, on the basis that we believe that this was exhausted because the BIA did independently consider the issue of whether she was removable as charged independent from her petition for relief, we think that this case is foreclosed under Navarro-Lopez from resulting in removability because, as established in Ms. Carayala, Ms. Ramirez's statute of conviction, Section 475C of the California Penal Code, is missing one of the elements of the generic offense of a crime relating to forgery specifically 475C, is missing the element of falsification. And as clarified by this Court in its Embank Navarro-Lopez decision, where a case where a statute of conviction is actually missing one of the elements of the predicate offense, that statute of conviction can never be found to have necessitated that element being part of the conviction, which is the shepherd's standard. So you're really suggesting that if they miss an element, or if there's an element missing in comparing the two, we don't even go to the modified categorical approach, correct? Correct, Your Honor. But even if this Court were to continue on to the modified categorical approach, the government still fails to meet its burden in this case because the documents contained here in the certified administrative record establish only that Ms. Ramirez had an Erickson check without his permission and that the check was made out to Ms. Ramirez. This does not establish who did write the check, whether that person had check-writing authority, or what signature the check bore. And as explained in Vizcarrala, under those facts, it's possible that the check was taken by someone who did have check-writing authority but for fraudulent purpose made out to Ms. Ramirez, which gets you to fraud but not to forgery. However, if we get to that step of the analysis, the BIA nor the IJ has ever had a chance to go through that, have they? I would disagree with that, Your Honor. Did they put anything in the record about a modified categorical analysis? I think their argument on the modified categorical analysis was thin, but they did put documents in the record beyond those necessary to merely establish the fact of conviction. And even if they had not, this Court's precedent in Notas, in Fernandez-Ruiz, and again in Ruiz-Vidal established that the government has fair notice, that if its categorical argument fails, the analysis continues, if at all, under the modified categorical approach. And where the government passes on that opportunity, that is not enough to make remand appropriate. Let me ask you a second question. Given the recent decision, and I've forgotten the case, so maybe my colleagues will help me or maybe I'll just have to go on the old Idaho approach, which is I've forgotten the case. The government now would suggest that they can rely in their recent pronouncements, they can go further in the record than is suggested even by us in doing the modified categorical approach. And that hasn't come up before us before. Isn't that correct? I think that's correct, but I don't think that changes the outcome in this case. And I think that the reason why it doesn't change the outcome in this case is Fernandez-Ruiz is a very clear example of change in development in law that nonetheless results in a situation where remand is still not warranted. In that case, this Court, after the government had had its chance to argue before the IJ and the VA, actually reversed its prior finding that the statute of conviction was a categorical match. And this Court in that embanked decision still found that because the government is on such strong notice of the need to make its best modified categorical argument, even though the Court was reversing its prior decision that the underlying statute was a categorical match, the government still had fair opportunity. And in Notosh, the government made no modified categorical argument at all, and this Court merely noted that it had had its opportunity to make its best case and it had passed on that opportunity, but that that is not sufficient to trigger the need for remand. Or, as Judge O'Scanlan noted, and Ruiz-Vidal, also a similar case, this is just a case where remand has nothing to do with it. All right, Counsel, thank you. You've exceeded your time, but we will give you one minute for rebuttal. Thank you, Your Honors. Good morning. May it please the Court. Vanessa Lafour for the Attorney General. Your Honors, simply stated here, Petitioner hasn't raised any of the arguments that she's raised here before this Court, before the Board. Could you speak up a little? It's hard to hear you. I'm sorry. I'm sorry. Simply stated that the Petitioner here hasn't raised any of the arguments she's raising before this Court, before the Board. In her brief to the Board, she just didn't at all challenge her removability. All the arguments she made went to her good moral character, her military service, her family background. All of those issues pertain to her relief from removal, specifically cancellation of removal. Good moral character is one of those factors that a judge considers when looking at a country. Do you think there's enough in the Notice of Appeal? She said, I disagree with it. No, Your Honor. I don't think there is enough in the Notice of Appeal. In the Notice of Appeal, she simply stated that the immigration judge charged me with an aggravated felony because of my three-year sentence that resulted in my plea bargain. According to the Immigration Act of 1990, people with an aggravated felony can be given consideration if they have good moral character. So she's going back to the good moral character argument. Well, the beginning of it isn't. It's because of my aggravated felony. Simply because she mentions the word aggravated felony doesn't mean that she's challenging her removability as an aggravated felon. She didn't mention the word forgery anywhere in there. She didn't say, I'm not removable because I'm an aggravated felon. She simply seemed to be trying to persuade the board to rethink the immigration judge's denial of her cancellation of removal. How far does a pro se petitioner have to go in understanding the doctrines of categorical approach, modified categorical approach? I mean, these things, you kind of wonder whether the average person walking the street has the faintest idea what any of that means. Your Honor, correct. I mean, I understand where you're coming from. However, it is the petitioner's burden. She's the one that's filing her appeal to the board. Whether or not she's represented is really her issue. She was given one chance before the immigration judge to get an attorney, and she didn't do so. There's not much in the transcript to suggest what happened there, but she was given a fair opportunity to seek counsel, and she didn't do so. I think the case in this court's decision in Rendon is very instructive on this point because in that case, the alien didn't challenge the basis for his removability, and this court found that that issue was not exhausted. Simply because here she only has one charge of removability, and she didn't mention any of that before the board, doesn't make her case any stronger than the case in Rendon where I think the alien had two charges of removability. Counsel, go ahead. Go ahead. No, you go ahead. Figueroa, to me, says the issue doesn't have to be raised at all in the brief. It's raised in the notice of appeal. What's your best case for the idea that she now, pro se claimant, says, I don't agree with the judge's decision on my removal proceedings. Immigration charged me with aggravation because my three-year sentence resulted in my plea bargain, that I cannot, given a pro se liberal construction, make that into notice? Your Honor, I still think Rendon is instructed on that point. Rendon is your best case? Yes, Your Honor, it is. I think also in Vizcarra-Ayala, I think the distinction I'd like to make on that case is that this court in Vizcarra-Ayala was very clear that just because the alien in that case was pro se, he did at some point challenge his removability in that case, except on the incorrect ground. He challenged it as a crime of violence versus a crime involving forgery. And also, this court was very specific to point out that where the board addresses the claim on the merits, that issue has been exhausted, and here the board didn't address the claim on the merits. The substance of this entire decision is really relating to all the claims that she raised before it, regarding the Federal First Offenders Act, her good moral character, et cetera, et cetera. Counsel, if we get to the merits, do you lose? Your Honor, I can't speak to that because we don't have a board decision in this case in order to defend that. She hasn't raised any of the issues that she's raising here. Assuming that we decide that issue, are you ceding that issue then? No, Your Honor, the government is not conceding anything there, but because the board has not decided the issue of whether, hasn't addressed any of the arguments she's raising before this court, whether her conviction is an aggravated felony, and whether it's missing an element of the generic definition of forgery as defined in Vizcarra-Ayala, I can't bind the attorney. But if we decide that the issue was adequately raised, and we determine that the issue should be decided by us, are you saying that you're not going to make an argument to us on that issue? I'm saying I can't make an argument on that issue because there's no board decision on that issue. And if this court were to find that those claims were exhausted, what needs to happen is that this case needs to be remanded to the board for it to decide those issues in the first instance, for it to be able to apply the modified categorical approach, for it to be able to address the argument regarding Vizcarra-Ayala, which was raised here for the first time. And that case came out subsequent to the board's decision in this matter, so the board couldn't have addressed any of those arguments because that case wasn't right at that time. Well, why have I got to remand to the BIA when I can read the statute that I've got to compare with and I can find that they are not categorically correct, and therefore we've only got a modified categorical approach that we can suggest? And at that point, it seems to me our en banc case that has been cited would say, if I can't make the elements, I don't even have to have a modified categorical. Because before this court can hear those specific arguments, those arguments need to be raised to the board first. But if we decide that they were adequately raised, then we don't have to send them back. Because if we decide that the board had notice of those issues, then it becomes a legal issue that we can decide. So with that in mind, you still take the position that you're not going to address the legal issue? It's not that I'm taking the position that I'm not going to address the legal issue. It's that we're arguing that this court doesn't have jurisdiction. I understand your argument, but if we disagree with that argument, then we're on to the next issue. So what do you have to say about the next issue that we're on to? If we disagree with you, we go on to make a legal determination. And I'm asking you what your argument is on what we perceive as that legal issue. Your Honor, again, because the board hasn't spoken to those issues and hasn't addressed any of the arguments that Petitioner's raising here, I can't bind the Attorney General. Okay, if you can't bind the Attorney General, give me your best case to suggest that if I disagree with you on whether that was raised to the board, that I have to send it back to the BIA to decide the legal issue. I think the best case, Your Honor, is Gonzales v. Thomas and INS v. Ventura, where a claim is an exhaustion, where the board hasn't spoken to something first. Well, we disagree with you on that. If we disagree with you on that, what's your best case that we have to send a legal issue, what we perceive as a legal issue, back to the BIA? Your Honor, I don't have one off the top of my head. I apologize. The problem, at least maybe as I see it, if we say it's been exhausted, that means that it was raised before the board and the board chose to do nothing about it. And I'm not sure why then we would remand. I understand Ventura. If we open a gate to something that we make a ruling that means the board should have gone further and then you reverse that ruling, we can't go ahead and decide the rest of the case. But if we decide that a particular issue has been raised and the board failed to address it, I'm not so sure why Ventura would require a remand. Well, Your Honor, I think also the Supreme Court's decision in Brand X is instructive. It might not speak specifically to remand, but remand is appropriate when considering Brand X for the board to consider in the first instance the generic definition of the offense relating to forgery as referenced in the INA. Because the board is the administrative body that administers the Immigration and Nationality Act, it should be given the first chance to decide those issues before this court does. They've had other chances in other cases. Not in this particular case, though. In not applying the modified categorical and not looking at these specific conviction documents that are in this record, it never addressed any of those because specifically the petitioner never challenged her removability, which is a very basic issue. Now, not challenging her removability is one thing. She also didn't go any further than that. She just simply went back and rested on her arguments regarding her relief from removability. Is it the policy of the Attorney General, if it's determined that the issue has not been exhausted, to refuse to address the merits of the case? Is that a policy of the Attorney General? Or is that your individual determination? Your Honor, I can't speak to that, whether or not the Attorney General has a specific policy across the board about not addressing arguments. Did you determine that you should take that approach, or did someone tell you to take that approach in this case? Your Honor, this is just ‑‑ I'm merely arguing what was raised in the brief, and I didn't myself pen the brief, so I can't speak to whether or not. I'm asking you why you took the position that you can't address the merits. Is that something you individually determined, or is that a policy of your office? I suppose it would be something both, because when the board doesn't speak to an issue ‑‑ I mean, when you prepared for this particular case, did you get instructions from your superiors or someone else not to address the issues, or is this the conclusion that you reached independently? Your Honor, I can't speak to that. You can't say whether or not you independently determined whether you were going to address the issues? I'm bound by the four corners of what our brief stated. I'm asking you that. I'm asking you, is that your decision, or was that a decision of the policymakers at the Department of Justice? I can't speak to the policymakers at the Department of Justice. So you determined individually. This is not a difficult question. Okay. I'm asking you, is that a decision you made, or is that an office policy? Your Honor, I can't speak to the office policy. So you made the decision then? I suppose so, but I'm not aware of an office policy. Thank you. If the Court has any further questions. None. Rebuttal. Thank you, Your Honor. Just briefly again on the exhaustion issue. Your task has been made a little easier because the Department of Justice won't take a position. And we certainly agree, and we pointed that out in our briefs. If the Court reaches our merits issue, the government has never expressed a position, and we believe we prevail. I just wanted to cite the Court specifically to Vizcarra Ayala at 874, where they quoted the BIA's decision in that case, another one-paragraph decision that said, the IJ did not err in determining that respondent's criminal conviction for forgery in violation of California Penal Code Section 475C constitutes an aggravated felony under the INA. Now, that's substantively the same language that the BIA in our case used. They said, we agree with the immigration judge that she's removable as charged. So you're suggesting that it's the same instance as in Vizcarra Ayala that we have here? I think it's comparable. I mean, my worry is that Vizcarra Ayala is your toughest case. She said it was Rendon. My worry is it's your toughest case. Well, I agree that Rendon is distinguishable on numerous grounds. It was a counseled case. So if you're going to go with Vizcarra, that's a good thing for me. I'll know better how to decide. Well, I think that the language in Vizcarra Ayala, if you look at the similarly brief treatment that the BIA gave the issue in Vizcarra Ayala, again, a one-paragraph decision, the way they reached the merits in that case is comparable to how they reached it in our case. All right. Well, thank you, counsel. Thank you, Ron.
judges: Canby, Rawlinson, Smith N. R.